UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| VENESSA HUMPHREY, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 18-6298 |
| HIGBEE LANCOMS, LP, ET AL., | SECTION: "E"(5) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Third-Party Defendant R. Siebert Construction, LLC ("Siebert").[1] Third-Party Plaintiff Higbee Lamcoms, LP ("Higbee") opposes the motion.[2] Siebert filed a reply.[3] For the following reasons, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff Vanessa Humphrey alleges she slipped and fell on a newly painted handicap ramp when exiting the Dillard's store at Oakwood Shopping Center on June 20, 2017.[4] Defendant Higbee Lancoms, LP is the subsidiary of Dillard's Inc. that owns the Dillard's store in Oakwood Shopping Center.[5] Plaintiff alleges rain water covering the ramp created a slick surface and hazardous condition.[6] Plaintiff alleges there were no warning signs and, as a result, defendants Higbee and Oakwood Shopping Center, LLC are liable for her injuries.[7] Plaintiff alleges Higbee was negligent in the following respects: (a) failure to use the proper material and paint; (b) failure to maintain the premises in a reasonably safe condition; (c) failure to use ordinary care in the maintenance of the

---

[1] R. Doc. 20.
[2] R. Doc. 22.
[3] R. Doc. 25.
[4] R. Doc. 1-2 at ¶ III.
[5] R. Doc. 7.
[6] R. Doc. 1-2 at ¶ VI.
[7] *Id.* at ¶¶ VII-VIII.

1

premises; (d) failure to routinely and carefully inspect the premises; (e) failure to warn patrons of reasonable or foreseeable hazards; (f) failure to take the necessary precautions to avoid incidents; and (g) any and all other acts of negligence or strict liability which may be shown.[8] Plaintiff also alleges Higbee is strictly liable under Louisiana Civil Code article 2317.[9] Higbee answered Plaintiff's Petition, denying liability.[10]

Higbee filed a third-party demand against Siebert, alleging Siebert chose which paint to use on the ramp[11] and painted the ramp on which plaintiff slipped and fell.[12] Higbee alleges, "if plaintiff has sustained damages, which is denied, then her damage is a result, in part, of the negligence and/or fault of Siebert."[13] Higbee requests "in the event an award of damages is granted in Plaintiff's favor against [it], or in Oakwood Shopping Center's favor against [it], there be a judgment entered in [its] favor against [Siebert] for any and all sums to which it has become indebted to plaintiff or Oakwood, including the costs of defending this matter."[14]

On November 21, 2019, Siebert filed the instant Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).[15] Siebert argues Higbee fails to state a claim for contribution or indemnity.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[8] *Id.* at ¶ X.
[9] *Id.* at ¶ VIII.
[10] R. Doc. 6.
[11] R. Doc. 12 at ¶¶ 5, 7.
[12] *Id.* at ¶ 5.
[13] *Id.* at ¶ 8.
[14] *Id.* at ¶ 11.
[15] R. Doc. 20.

2

him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[20]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[21] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[22] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[23]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 14 provides, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[24] A third party complaint may not be used to assert that the third-party defendant is also liable to the plaintiff "or when the defendant and putative

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[20] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[21] *Twombly*, 550 U.S. at 555.
[22] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[23] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[24] Fed. R. Civ. P. 14(a)(1).

3

third party plaintiff says, in effect, 'It was him, not me.'"[25] A third-party claim is appropriate "where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'"[26] A third-party demand is appropriate "when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory."[27]

Higbee filed a third party complaint against Siebert seeking judgment in its favor for any amount it owes Plaintiff or Oakwood, in the event an award of damages is granted in Plaintiff's or Oakwood's favor against Higbee.[28] In the third party demand, Higbee does not articulate whether it seeks contribution or indemnity from Siebert. Accordingly, the Court will analyze whether Higbee states a claim for either contribution or indemnity.

## I. Contribution

In 1996, Louisiana amended the Civil Code articles regarding joint and solidary liability and instituted a true comparative fault scheme. After the 1996 amendments, "a joint tortfeasor is not solidarily liable, cannot be made to pay more than his or her share [of fault], and, accordingly has no claim of subrogation or contribution by operation of law from other tortfeasors."[29] Further, in opposition to the motion to dismiss, Higbee does not argue it states a claim against Sibert for contribution.[30] Accordingly, to the extent Higbee seeks contribution from Siebert, the motion to dismiss is granted.

---

[25] *425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715, 720 (E.D. La. 2015) (quoting *Wright v. City of Tallulah*, No. 13–1631, 2014 WL 1788711, at *4 n.5 (W.D. La. May 5, 2014)).
[26] *Id.* (quoting *Wright*, 2014 WL 1788711, at *4 n.5).
[27] *Id.*
[28] R. Doc. 12 at ¶ 11.
[29] *Lockett v. Amtrust N. Am. Ins. Co.*, 2018-0082 (La. App. 4 Cir. 4/26/18), 2018 WL 2000420, at * 2.
[30] R. Doc. 22.

4

## II. Indemnity

"The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, under a tort or quasi-contract theory, even in the absence of an indemnity agreement."[31] Higbee does not allege its contract with Siebert included an indemnity provision; as a result, any indemnity Higbee seeks is legal indemnity.

"In the absence of an express contractual provision, a claim for legal indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed."[32] As a result, a party who is actually negligent or actually at fault cannot recover legal indemnity.[33] In contrast, a party who is only liable on the basis of strict liability may recover full indemnity against the party actually at fault.[34] A third party complaint seeking indemnity "should be dismissed if there is no foreseeable combination of findings, viewing the allegations of the pleadings in the light most favorable to the party seeking indemnity, that could result in that party being cast in judgment for mere technical or passive fault."[35]

Plaintiff alleges Higbee was negligent in several respects and also alleges Higbee is strictly liable for the ramp, which was under its custody and control, pursuant to Louisiana Civil Code article 2317.[36] Viewing the facts in the light most favorable to Higbee, Higbee may be liable to Plaintiff on the basis of strict liability. If Higbee is held strictly

---

[31] *425 Notre Dame*, 151 F. Supp. 3d at 721 (quoting *Hamway v. Braud*, 2001-2364 (La. App. 1 Cir. 11/8/02), 838 So. 2d 803, 806).
[32] *Id.* (quoting *Hamway*, 838 So. 2d at 806)(internal quotations omitted).
[33] *Hamway*, 838 So. 2d at 806.
[34] *Butler v. Intersouth Pipeline*, 655 F. Supp. 587, 590 (M.D. La. 1986) (quoting *Dusenberry v. McMoRan Expl. Co.*, 458 So.2d at 105) (internal quotations omitted).
[35] *425 Notre Dame*, 151 F. Supp. 3d at 722 (quoting *Martco Ltd. P'ship v. Bruks Inc.*, 430 Fed. App'x 332, 335 (5th Cir. 2011) (internal quotations omitted).
[36] R. Doc. 1-2 at ¶¶ VIII, X.

liable to Plaintiff, it will be cast in judgment for mere technical or passive fault and not because of any actual negligence on its part. Higbee may be entitled to legal indemnity against Siebert. Accordingly, the motion to dismiss Higbee's claim for legal indemnity is denied.

## CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss[37] is **GRANTED IN PART AND DENIED IN PART**. To the extent Third-Party Plaintiff Higbee Lamcoms, LP brings a claim against Third-Party Defendant R. Siebert Construction, LLC for contribution, the contribution claim is dismissed with prejudice for failure to state a claim. Higbee Lancoms, LP's claim against R. Siebert Construction, LLC for indemnity remains.

**New Orleans, Louisiana, this 20th day of May, 2019.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 20.