# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VENESSA HUMPHREY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6298** |
| **HIGBEE LANCOMS, LP, ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Third Party Defendant R. Seibert Construction, LLC ("Seibert").[1] Third Party Plaintiff Higbee Lancoms, L.P. ("Dillard's") opposes the motion.[2] Seibert filed a reply.[3] For the reasons that follow, the motion for summary judgment is **GRANTED**.

## BACKGROUND

Plaintiff Venessa Humphrey alleges that on or about June 20, 2017, she slipped and fell on a newly painted handicap ramp after exiting a department store known as Dillard's, located on the premises of the Oakwood Center Mall in Gretna, LA.[4] It is undisputed that it was raining as Plaintiff exited the store.[5] According to Plaintiff, "the newly painted handicap ramp being covered with rain water created a slick surface and thereby a hazardous condition."[6] Plaintiff brings causes of actions based on Louisiana Civil Code articles 2315 and 2317, as well as Louisiana Revised Statutes, against Dillard's

---

[1] R. Doc. 48. Seibert seeks summary judgment on all claims asserted *by the Plaintiff*, but the Plaintiff does not bring claims against Seibert. Plaintiff filed an opposition to the motion, R. Doc. 73, apparently out of an abundance of caution. The Court will analyze the motion as one for summary judgment on Dillard's third party demand against Seibert. To the extent Seibert seeks summary judgment on a claim not made by the Plaintiff against it, the motion is denied as moot.
[2] R. Doc. 70.
[3] R. Doc. 89.
[4] R. Doc. 1-2 at ¶ III.
[5] R. Doc. 48-2 at ¶ 2; R. Doc. 70-1.
[6] R. Doc. 1-2 at ¶ VI.

and Oakwood Shopping Center, LLC a/k/a General Growth Services, Inc. ("Oakwood"), the owner of the shopping mall where Dillard's is located.[7]

Dillard's and Oakwood filed crossclaims against each other.[8] Oakwood contends Dillard's is contractually obligated to defend and indemnify Oakwood in the present lawsuit.[9] Dillard's contends Oakwood is contractually obligated to defend it.[10]

Dillard's filed a third party complaint against Seibert, the party with which Dillard's contracted to paint the handicap ramp at issue.[11] Dillard's alleges, "if plaintiff has sustained damages, which is denied, then her damage is a result, in part, of the negligence and/or fault of Seibert."[12] In its prayer, Dillard's requests "in the event an award of damages is granted in Plaintiff's favor against [it], or in Oakwood Shopping Center's favor against [it], there be a judgment entered in [its] favor against [Seibert] for any and all sums to which it has become indebted to plaintiff or Oakwood, including the costs of defending this matter."[13] Dillard's third party demand contains no factual allegations to support its prayer for recovery from Seibert for any amounts Dillard's is found to owe Oakwood.

On November 21, 2018, Seibert filed a motion to dismiss Dillard's third party demand, arguing Dillard's failed to state a claim for contribution or indemnity.[14] On May 20, 2019, the Court granted this motion to the extent Dillard's sought contribution from

---

[7] *Id.* at ¶ VIII. Although Plaintiff references article 2315, 2317, and 2317.1, and Louisiana Revised Statutes, she describes her causes of action as being negligence *and strict liability*. As explained herein, La. Civ. Code articles 2317 and 2317.1 are now negligence causes of action.
[8] R. Docs. 8 and 11.
[9] R. Doc. 8 at pp. 7-8, ¶¶ 3-5.
[10] R. Doc. 11 at pp. 3-4, ¶¶ 4-6.
[11] R. Doc. 12.
[12] *Id.* at ¶ 8.
[13] *Id.* at ¶ 11.
[14] R. Doc. 20.

Seibert based on Seibert's negligence.[15],[16] The Court denied Seibert's motion to dismiss on the claim against it for legal indemnification.[17]

In the instant motion, Seibert seeks dismissal of Dillard's' claims for legal indemnification because "Dillard's cannot be held liable in this matter **UNLESS** Dillard's is independently at fault for its own actions or inactions, which would prevent any claim for legal indemnification."[18]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "An issue is material if its resolution could affect the outcome of the action."[20] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the non-moving party.[22] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[23]

---

[15] R. Doc. 33 at 4.
[16] The Court's ruling granting Seibert's motion to dismiss "to the extent [Dillard's] seeks contribution from Seibert" applies to Dillard's' claims for contribution with respect to both Plaintiff's claims against Dillard's and Oakwood's crossclaims against Dillard's.
[17] R. Doc. 33 at 6.
[18] *Id.* (emphasis in original).
[19] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[20] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[24]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[25] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[26] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[27] "[U]nsubstantiated

---

[24] *Celotex*, 477 U.S. at 322–24.
[25] *Id.* at 331–32 (Brennan, J., dissenting).
[26] *See id.* at 332.
[27] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving

4

assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[28]

## LAW AND ANALYSIS

Plaintiff alleges her claims are based on: negligence, under Louisiana Civil Code article 2315; strict liability, under Louisiana Code article 2317 and 2317.1; and Louisiana Revised Statutes.[29] For "merchants" like Dillard's, Louisiana Revised Statutes 9:2800.6(B) subsumes a plaintiff's negligence claims.[30] As a result, Plaintiff's negligence claims against Dillard's are based solely on Section 9:2800(B).[31]

Dillard's seeks legal indemnity from Seibert.[32] Dillard's cannot recover legal indemnity from Seibert if Dillard's is held liable to Plaintiff under Section 9:2800.6(B). The Court already has held "a party who is actually negligent or actually at fault cannot recover legal indemnity."[33],[34] The key issue is thus whether Dillard's can recover legal indemnity from Seibert under a theory of strict liability.

---

party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

[28] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[29] The Court assumes Plaintiff is referring to La. R.S. 9:2800.6.
[30] La. R.S. 9:2800.6(B).
[31] *Jackson v. DG Louisiana, LLC*, Civil Action No. 17-690, 2018 WL 4042519, at *2 (W.D. La. July 31, 2018).
[32] Dillard's does not allege its contract with Seibert included an indemnity provision. As a result, Dillard's only seeks legal indemnity, not contractual indemnity, from Seibert.
[33] R. Doc. 33 at 5 (citing *Hamway v. Braud*, 2001-2364 (La. App. 1 Cir. 11/8/02), 838 So. 2d 803, 806).
[34] The same is true if Dillard's seeks legal indemnity from Seibert for the amount of any contractual indemnity Dillard's may owe to Oakwood. Put differently, if Oakwood is found liable under a theory of negligence to Plaintiff, and Dillard's is in turn found liable in contract to indemnify Oakwood, Dillard's cannot recover legal indemnity from Seibert because neither Oakwood's nor Dillard's' liability would be based on strict liability.

"In the absence of an express contractual provision, a claim for legal indemnity arises only when the fault of the person seeking indemnification is solely constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed."[35] Seibert contends the 1996 tort amendments adding article 2317.1 injected a "negligence standard into custodial fault."[36] Seibert argues that, as a result, "with its adoption of La. Civ. Code art. 2317.1 to require knowledge or constructive knowledge [of a defect], the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim."[37] Based on the 1996 amendments, Seibert concludes:

> [I]t is no longer possible [for] Dillard's to be found merely constructively or derivatively at fault and still be held responsible for the actual fault of Seibert under 2317. For Humphrey to succeed, she would have to establish that Dillard's knew, should have known, or created the unreasonably dangerous condition or defect in its ramp. A finding of any of these would constitute a finding of actual fault on the behalf of Dillard's and prevent it from obtaining legal indemnification from Seibert.[38]

Seibert is correct. After the 1996 amendments, if Dillard's is found liable under articles 2317 and 2317.1, Dillard's' liability is not solely constructive or derivative. As the Louisiana courts have explained:

> [S]trict liability under La. C.C. art. 2317 was effectively eliminated and converted to a negligence standard by the enactment in 1996 of La. C.C. art. 2317.1, which imposes liability only if the owner or custodian knew or should have known of the defect and failed to use reasonable care to prevent the damage.[39]

---

[35] *425 Notre Dame, LLC v. Kolbe & Kolbe Mill Work Co.*, 151 F. Supp. 3d 715, 721 (E.D. La. 2015) (quoting *Hamway*, 838 So. 2d at 806) (internal quotation omitted).
[36] *Id.* at 17 (quoting *Boyd Racing, L.L.C. v. W.G. Yates & Sons Const. Co.*, No. 2:10 CV416, 2011 WL 1113574, at *2 (W.D. La. Mar. 24, 2011)) (internal quotation marks omitted).
[37] *Id.* at 17-18 (quoting *Burmaster v. Plaquemines Par. Gov't*, 2007-2432 (La. 5/21/08), 982 So. 2d 795, 799) (internal quotation marks omitted).
[38] *Id.* at 18.
[39] *Ponder v. SDT Waste & Debris Services, L.L.C.*, 2015-1656 (La. App. 1 Cir. 8/16/17), 2017 WL 3498159, at *5 (citing *Burmaster*, 982 So. 2d at 799 n.1; Maraist & Galligan, *Louisiana Tort Law* § 14–2, at 330–332 (1996)).

As a result, Dillard's may be held liable to Plaintiff only for its own negligent conduct under Section 9:2800.6 and articles 2317 and 2317.1. If Dillard's is found liable to Plaintiff under this statute or these articles, Dillard's liability is direct, not constructive or derivative.[40]

Accordingly, even making all reasonable assumptions in favor of Dillard's, which a court must do on a motion for summary judgment,[41] the Court finds Seibert is entitled to summary judgment in its favor on Dillard's third party demand.

## CONCLUSION

**IT IS ORDERED** that Seibert's motion for summary judgment is **GRANTED** with respect to Dillard's third party demand against Seibert for indemnity from Seibert based on Plaintiff's claims against Dillard's and Oakwood's crossclaims against Dillard's.

**New Orleans, Louisiana, this 31st day of October, 2019.**

                                      _____
                                             **SUSIE MORGAN**
                               **UNITED STATES DISTRICT JUDGE**

---

[40] Dillard's' claim for indemnity for any damages it might be contractually obligated to pay Oakwood fails for the same reasons. Any damages awarded against Oakwood would be based on negligence, whether under article 2315 or article 2317, and would not entitle Oakwood to contribution or indemnity from Dillard's. The contractual agreement between Dillard's and Oakwood may entitle Oakwood to contractual indemnity from Dillard's, but that agreement would not entitle Dillard's to indemnity from Seibert.
[41] *Warren v. Geller*, 924 F.Supp.2d 713, 728 (E.D. La. 2013).